UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin L. Gaddy, #323551, <br> *a/k/a Calvin Lyndale Gaddy,* <br>                              Plaintiff, <br> vs. <br> Mr. Robert Ward; Mrs. Ann Hallman; <br> Warden Larry Cartledge; Amy Machann, <br> FSS #; Attorney General's Office; <br> Donald Altman, Perry C.I., <br>                             Defendants. | C/A No.: 8:12-3549-JFA-JDA <br><br> Report and Recommendation |

Plaintiff, a state prisoner who is proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff filed this action on December 21, 2012, generally alleging violations of his First, Eighth and Fourteenth Amendment rights. [Doc. 1.] On January 11, 2013, the undersigned issued an Order authorizing service of process. [Doc. 12]. All Defendants have been served except for Defendant Donald Altman ("Altman"), an inmate at Perry Correctional Institution. Altman has not acted under color of state law. For the following reasons then, it is recommended that Altman be summarily dismissed from this action.

**BACKGROUND**

Plaintiff challenges the process, and the result, of a disciplinary hearing held on July 19, 2012, where he lost "good-time" credits, phone privileges, visitation with his mother and children, canteen privileges, and his prison job, for one year. He states he was not given

written notice of the charges, was not allowed to call witnesses or present evidence, was given no assistance in preparing for his hearing, and was not provided with the reason for being found guilty of the charges. Plaintiff alleges this is cruel and unusual, and also a violation of his due process rights. Plaintiff further alleges the charges against him were racially motivated, noting that the other inmate involved, Altman, did not receive disciplinary detention time. Plaintiff seeks damages and a preliminary injunction, claiming the allegations against him were false and part of a conspiracy against him.

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Under established local procedure in this judicial district, a careful review has been made of the allegations in the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case, or any part thereof, upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made

where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard however, Altman is entitled to be summarily dismissed from this action.

**Requirements for a Cause of Action Under § 1983**

Section 1983 provides a private cause of action for plaintiffs alleging constitutional violations by persons acting under color of state law. Section 1983 provides, in relevant part,

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [him] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [him] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (citation and internal quotation marks omitted).

## DISCUSSION

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id*. at 310 (*quoting Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id*. (*quoting Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51, 119 S.Ct. 977, 143 L.Ed.2d 130 (*quoting Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982)).

Here, Plaintiff complains that the charges against him were racially motivated, and that Altman, who was also involved in the altercation, did not receive disciplinary detention time. Plaintiff further claims that the charges against him were false and part of a conspiracy against him. Nothing in these broad statements, however, can be construed to establish a close nexus between Altman and other state actors, such that Altman's private behavior can be characterized as "state action." The allegations against Altman are too conclusory to state a factually cognizable claim. Although the "liberal pleading requirements" of Rule 8(a) require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint [or a party] from dismissal . . . when the facts alleged ... do not support the legal conclusion." *Id.* at 405 n.9 (internal quotation marks and citations omitted and alterations in original). Plaintiff has failed to show that Altman acted under color of state law as required by 42 U.S.C. §1983.

## RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Altman be summarily dismissed from this action.

**IT IS SO RECOMMENDED**.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

February 20, 2013
Greenville, South Carolina

***The plaintiff's attention is directed to the important NOTICE on the following page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).