IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Calvin L. Gaddy, | ) | C/A No.: 8:12-3549-JFA-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Mr. Robert Ward, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Calvin L. Gaddy, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights by the defendants with regard to the process and results of a prison disciplinary hearing. At the time the complaint was filed, the plaintiff was incarcerated at the Perry Correctional Institution of the South Carolina Department of Corrections.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss defendant Donald Altman who is a prisoner at PCI. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff was advised of his right to file objections to the Report and Recommendation which was docketed on February 20, 2013. The plaintiff filed an objection memorandum which appears to restate the claims contained in his original complaint without specifically addressing the Report and Recommendation. The court has conducted the required *de novo* review of the objections and finds them to be without merit.

As the Magistrate Judge correctly notes, defendant Altman is a fellow inmate at the Perry Correctional Institution and Altman has not acted under color of state law, thus he should be summarily dismissed from the complaint. Moreover, plaintiff has failed to show that Altman acted under color of state law as required by 42 U.S.C. § 1983.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Defendant Donald Altman is dismissed as a party to this action.

The Clerk shall return this file to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

June 4, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge