IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Calvin L. Gaddy a/k/a Calvin Lyndale Gaddy, | ) <br> ) Case No. 8:12-cv-03549-JFA-JDA <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **REPORT AND RECOMMENDATION** <br> ) **OF MAGISTRATE JUDGE** |
| Mr. Robert Ward; Mrs. Ann Hallman; Warden Larry Cartledge; Amy Machann; and Attorney General's Office, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's motion for preliminary injunction. [Doc. 21.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to hear and determine all pretrial matters in cases filed under 42 U.S.C. § 1983.

Plaintiff filed this action complaining that he has never been legally indicted by a grand jury and that "Perry CI" keeps violating his due process rights. [Doc. 1 at 2.] Plaintiff alleges that on the morning of June 30, 2012, he was at work to clean and wash floors when Defendant Amy Machann ("Machann") caused a conflict between Plaintiff and another inmate, causing Plaintiff to be removed from his job and sent to a holding cell. [*Id.* at 4.] Plaintiff alleges that when Machann returned to work on July 1, 2012 and saw Plaintiff going to church services, she made a bogus incident report against him. [*Id.* at 5.] Plaintiff claims that DHO Turner refused Plaintiff's statements and denied him due process. [*Id.*] Plaintiff requests a preliminary hearing and injunction against the state, a transfer to Broad River to be close to his mother and children, and damages against Defendants in

the amount of $100.00 dollars for each day he was on lock up under the bogus charge. [*Id.* at 6.]

On January 30, 2013, Plaintiff filed a motion for preliminary injunction seeking an injunction "against the state of correction at Perry CI" and Defendant Robert Ward. [Doc. 21 at 2.] Defendants filed a response in opposition to Plaintiff's motion for preliminary injunction on February 28, 2013 [Doc. 44], and Plaintiff filed a reply on March 14, 2013 [Doc. 55]. On July 24, 2013, Plaintiff was transferred to Lieber Correctional Institution. [Doc. 93 (notice of change of address).]

The Fourth Circuit has held that a prisoner transfer moots requests for declaratory and injunctive relief. *See, e.g.*, *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). When Plaintiff was transferred from Perry Correctional Institution to Lieber Correctional Institution, his claims for injunctive relief against Defendants were rendered moot. Accordingly, the Court recommends Plaintiff's motion for preliminary injunction be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 6, 2013
Greenville, South Carolina

2