IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin L. Gaddy, | C/A No. 8:12-3549-JFA-JDA |
| Plaintiff, | |
| vs. | ORDER |
| Robert Ward; Ann Hallman; Warden Larry Cartledge; Amy Machann; and the Attorney General's Office, | |
| Defendants. | |

The *pro se* plaintiff, Calvin L. Gaddy, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his due process rights in connection with a prison disciplinary hearing at the Perry Correctional Institution. He seeks injunctive relief and money damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, and he has filed objections thereto. The court has conducted a *de novo* review of the plaintiff's objections and finds them to be duplicative of the claims in the complaint. As such, the plaintiff's objections are overruled.

As an initial matter, the Magistrate Judge suggests that because the plaintiff is no longer incarcerated at the Perry Correctional Institution, plaintiff's claims for injunctive relief are moot to the extent he seeks injunctive relief. This court agrees.

The Magistrate Judge opines that the defendants are immune from suit in their official capacities pursuant to the Eleventh Amendment of the United States Constitution. The Magistrate Judge also suggests that the plaintiff's claims fail against defendants Ward, Hallman, Cartledge, and the Attorney General's Office because there is no doctrine of respondeat superior in § 1983 claims.

With regard to defendant Machann and plaintiff's disciplinary conviction, the Magistrate Judge opines that such claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).

Finally, in connection with plaintiff's claims that the defendants failed to provide him with appropriate medical care, the Magistrate Judge properly concludes that the defendants are entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the plaintiff's objections thereto, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is therefore adopted and incorporated herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 58) is granted and this action is dismissed.

IT IS SO ORDERED.

March 18, 2014                                     Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge